IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIBEK ISHEMBIEV, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| JAMAL L. JAMISON, Warden of | : | |
| Philadelphia Detention Center, JOHN E. | : | |
| RIFE, Acting Field Office Director of | : | No. 26-1515 |
| Enforcement and Removal Operations, | : | |
| Philadelphia Field Office, Immigration and | : | |
| Customs Enforcement, Acting Secretary, | : | |
| U.S. Department of Homeland Security, | : | |
| PAMELA BONDI, U.S. Attorney General, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 10th day of March, 2026, upon consideration of Aibek Ishembiev's

Petition for Writ of Habeas Corpus (ECF No. 1), it is hereby **ORDERED** that the petition is

**GRANTED.**[1] It is **FURTHER ORDERED** as follows:

1. Aibek Ishembiev is not subject to mandatory detention under 8 U.S.C. §

1225(b)(2).

2. Respondents shall release Petitioner Aibek Ishembiev from custody immediately

and return Petitioner's personal documents, including, but not limited to, his driver's license,

employment authorization document, and social security card.

3. Respondents shall certify compliance with this order by filing proof of his release

and stating the time and manner of release on the docket no later than 5:00 P.M. E.S.T. on March

11, 2026.

4.    Respondents are temporarily enjoined from re-detaining Aibek Ishembiev for seven days following his release from custody.

5.    If Respondents pursue re-detention of Aibek Ishembiev, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Aibek Ishembiev is a citizen of Kyrgyzstan, who arrived with his wife and children in the United States on March 28, 2022, at which time he sought admission into this country. ECF No. 1 ¶ 2. That day, Petitioner and his wife and children were granted parole into the United States. *Id.* Petitioner's parole was valid until March 26, 2023. *Id.* On June 19, 2022, Petitioner's wife filed a timely application for asylum. *Id.* ¶ 3. Petitioner is a beneficiary of his wife's asylum application. *Id.* Petitioner has valid work authorization and a social security number and has been a law-abiding, productive member of this community. *Id.* ¶ 4. Nonetheless, on March 9, 2026, when Petitioner attended his regularly scheduled appointment at the Immigration and Customs Enforcement (ICE) office in Philadelphia, Pennsylvania, ICE officers detained him pursuant to 8 U.S.C. § 1225(b). *Id.* ¶ 5.

The government's position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) has been categorically rejected by courts in this district and around the country. Indeed, the government does not even attempt to advance the same arguments it has made in hundreds of responses to similar habeas petitions. Instead, mere hours after the Court ordered it to show cause why the petition should not be granted, the parties submitted a stipulation that this matter should be decided on the papers. *See* ECF No. 4. Given that the only paper before this Court is the Petition, the Court will treat it as unopposed, grant the Petition, and order Petitioner's immediate release.

Petitioner is being detained under 8 U.S.C. § 1225(b)(2)(A), which the government contends requires the mandatory detention of all persons who entered the United States without inspection. Individuals detained under § 1225(b)(2)(A) are not entitled to a bond hearing or an individualized determination of whether they are a flight risk or a danger to the community. By contrast, noncitizens detained under 8 U.S.C. § 1226 are entitled to a bond hearing. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1). Petitioner contends that § 1226, not § 1225, applies to him.

This Court has subject matter jurisdiction over the Petition under 28 U.S.C. § 2241. Petitioner arrived in the United States nearly four years ago and is, therefore, not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b) if he (1) is an "applicant for admission"; (2) is

"seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission on March 28, 2022, when he arrived at the United States border. While Petitioner is an "applicant for admission," he is no longer "seeking admission." Therefore, as every judge in this district has held, this Court once again holds that § 1225(b)(2) does not apply. *See, e.g.*, *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, § 1226 applies to Petitioner, and his detention without a bond hearing under § 1225(b) is unlawful. He is, therefore, entitled to habeas relief.